RAOUL D. KENNEDY (STATE BAR NO. 40892)
Raoul.Kennedy@skadden.com
RICHARD S. HORVATH, JR. (STATE BAR NO. 254681)
Richard.Horvath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone:  (650) 470-4500
Facsimile:   (650) 470-4570

PAUL M. ECKLES (STATE BAR NO. 181156)
Paul.Eckles@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000

Attorneys for Specially Appearing Defendant
HARPERCOLLINS PUBLISHERS L.L.C.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHONY PETRU and MARCUS MATHIS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>APPLE INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, INC.; MACMILLAN PUBLISHERS, INC.; PENGUIN GROUP (USA) INC.; and SIMON & SCHUSTER, INC.,<br><br>　　　　　　　　Defendants, | **CASE NO. 3:11-CV-03892-EMC**<br><br>**(1) SPECIALLY APPEARING DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT;**<br><br>**(2) SPECIALLY APPEARING DEFENDANTS'** *EX PARTE* **APPLICATION FOR THE COURT TO RULE ON ADMINISTRATIVE MOTION ON AN EXPEDITED BASIS;**<br><br>**(3) DECLARATION OF PAUL M. ECKLES IN SUPPORT OF ADMINISTRATIVE MOTION AND *EX PARTE* APPLICATION;**<br><br>**and**<br><br>**(4) [PROPOSED] ORDER.**<br><br>Proposed Date Submitted:　August 29, 2011<br>Courtroom:　　　　Courtroom 5, 17th Floor<br>Before:　　　　　　Hon. Edward M. Chen |

---

ADMINISTRATIVE MOTION AND EX PARTE APPLICATION　　　　　　　　　　　　　　CASE NO. 3:11-CV-03892-EMC
TO EXTEND TIME TO RESPOND TO COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on August 26, 2011, Defendants Apple, Inc., Hachette Book Group, Inc., HarperCollins Publishers L.L.C. (incorrectly sued herein as "HarperCollins Publishers, Inc."), Macmillan Publishers, Inc., Penguin Group (USA), Inc. and Simon & Schuster, Inc. (collectively, "Defendants") specially appear and submit the following Administrative Motion to the Court, the Honorable Edward M. Chen, Courtroom 5, 17th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and 7-11, for an order to enlarge the time for Defendants to answer, move or otherwise respond to the Complaint in this action to 60 days after the filing of a consolidated amended complaint or complaints following a decision by the United States Judicial Panel on Multidistrict Litigation in connection with this action.[1] Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and 7-10, Defendants further submit an *Ex Parte* Application that the Court rule on the Administrative Motion on an expedited basis, that is, by August 29, 2011 (the "*Ex Parte* Application").

The Administrative Motion and the *Ex Parte* Application will be based on this notice, motion and application, the accompanying memorandum of points and authorities, the accompanying declaration of Paul M. Eckles, any other papers filed with the Court in connection with this motion, the arguments of counsel (if requested by the Court) and all other matters properly considered by the Court.  The Administrative Motion and *Ex Parte* Application are brought on the grounds that:  (1) good cause exists to enlarge the time for Defendants to answer, move or otherwise respond to the Complaint, (2) Defendants would face substantial harm if the time for them to answer, move or otherwise respond to the Complaint was not enlarged, (3) Defendants have been diligent in seeking an enlargement for their time to answer, move or otherwise respond to the Complaint, (4) Defendants are without fault in creating the emergency,

---

[1] In submitting the Administrative Motion and the *Ex Parte* Application, Defendants are making a special appearance and preserve their right to object to this action and to raise any defense pursuant to Rule 12 of the Federal Rules of Civil Procedure, including but not limited to improper venue, insufficient process, insufficient service of process or lack of personal jurisdiction. Defendants also request that the Court permit Defendants to file notices of appearance without waiving that right.

i

| ADMINISTRATIVE MOTION AND EX PARTE APPLICATION | CASE NO. 3:11-CV-03892-EMC |
|---|---|
| TO EXTEND TIME TO RESPOND TO COMPLAINT | |

1 and (5) Plaintiffs have been served with the Administrative Motive and *Ex Parte* Application and
2 will have sufficient time to oppose the Administrative Motion.

3 DATED: August 26, 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Raoul D. Kennedy
RAOUL D. KENNEDY

525 University Ave., Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Attorneys for Specially Appearing Defendant
HARPERCOLLINS PUBLISHERS L.L.C.

I, Raoul D. Kennedy, am the ECF User whose ID and password are being used to file this Administrative Motion To Enlarge Time To Respond To Complaint and *Ex Parte* Application For The Court To Rule On Administrative Motion On An Expedited Basis. In compliance with General Order 45, X.B., I hereby attest that each of the following signatories has concurred in this filing.

SHEARMAN & STERLING LLP

By: /s/ James Donato
JAMES DONATO

Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Attorneys for Specially Appearing Defendant
HACHETTE BOOK GROUP, INC.

/
/
/
/
/
/
/
/
/
/
/
/
/
/

SIDLEY AUSTIN LLP

By: /s/ Samuel R. Miller
    SAMUEL R. MILLER

555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Specially Appearing Defendant
MACMILLAN PUBLISHERS, INC.

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Reginald D. Steer
    REGINALD D. STEER

580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone: (415) 765-9520
Facsimile: (415) 765-9501

Attorneys for Specially Appearing Defendant
PENGUIN GROUP (USA) INC.

WEIL, GOTSHAL & MANGES LLP

By: /s/ Gregory D. Hull
    GREGORY D. HULL

201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Specially Appearing Defendant
SIMON & SCHUSTER, INC.

iii

**ADMINISTRATIVE MOTION AND EX PARTE APPLICATION**      **CASE NO. 3:11-CV-03892-EMC**
**TO EXTEND TIME TO RESPOND TO COMPLAINT**

1
2          JONES DAY LLP
3
4          By:    /s/ Robert Mittelstaedt
                  ROBERT MITTELSTEADT
5
           555 California Street, 26th Floor
6          San Francisco, California 94104
           Telephone: (415) 626-3939
7          Facsimile: (415) 875-5700

8          Attorneys for Specially Appearing Defendant
                         APPLE INC.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

ADMINISTRATIVE MOTION AND EX PARTE APPLICATION                    CASE NO. 3:11-CV-03892-EMC
TO EXTEND TIME TO RESPOND TO COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Defendants Apple, Inc., Hachette Book Group, Inc., HarperCollins Publishers L.L.C. (incorrectly sued herein as "HarperCollins Publishers, Inc."), Macmillan Publishers, Inc., Penguin Group (USA), Inc., and Simon & Schuster, Inc. (collectively, "Defendants") specially appear and hereby move the Court (the "Administrative Motion") for an order enlarging the time in which Defendants may answer, move, or otherwise respond to Plaintiffs' Complaint (the "Complaint"). Defendants currently face twelve other cases pending in this District and in the Southern District of New York that involve the same series of events: the unilateral and independent decisions by five of the major publishing houses, in connection with Apple's launch of its iBookstore and its iPad device, to begin selling their eBooks pursuant to an agency relationship.[1] While these cases are similar and all involve allegations that Defendants violated the antitrust and unfair competition laws by virtue of the switch to a new standard distribution model for eBooks, the complaints in each case are by no means identical, and contain serious substantive differences including the addition of other defendants, allegations based on different states' laws, and allegations of vertical as well as horizontal anti-competitive conspiracies.

Defendants are caught in a battle between dueling counsel for various plaintiffs, vying for where the pending cases will be coordinated and venued. The New York counsel have filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate the eleven cases in the Southern District of New York ("MDL Motion"). (Eckles Decl. Ex. D.) Plaintiffs' counsel subsequently moved to intervene in the New York cases for the purpose of

---

[1] There is no dispute between Plaintiffs and Defendants that the following actions are related to this action: *Diamond, et al. v. Apple, Inc., et al.* (11-cv-3954 N.D. Cal.); *Gilstrap, et al. v. Apple, Inc., et al.* (11-cv-4035 N.D. Cal.); *Albeck, et al. v. Apple Inc., et al.* (11-cv-4110 N.D. Cal.); *Rossman, et al. v. Apple Inc., et al.* (11-cv-04192 N.D. Cal.); *Burstein, et al. v. Apple, Inc., et al.* (11-cv-5621 S.D.N.Y.) ("*Burstein*"); *Cheatham, et al. v. Apple, Inc., et al.* (11-cv-5750 S.D.N.Y.) ("*Cheatham*"); *Evans, et al. v. Apple, Inc., et al.* (11-cv-5609 S.D.N.Y.) ("*Evans*"); *Grover, et al. v. Apple, Inc., et al.* (11-cv-5576 S.D.N.Y.) ("*Grover*"); *Lingofelt, et al. v. Apple, Inc., et al.*, (11-cv-5976 S.D.N.Y.) ("*Lingofelt*"); *John T. Meyer, et al. v. Apple, Inc., et al.* (11-cv-5896 S.D.N.Y.) (" *J. Meyer*"); *Paul J. Meyer, et al. v. Apple, Inc., et al.*, (11-cv-5898 S.D.N.Y.) ("*P. Meyer*"); *Sotomayor, et al. v. Apple, Inc., et al.*, (11-cv-5707 S.D.N.Y.) ("*Sotomayor*"). (*See* Notice of Pendency of Actions or Other Proceedings, Exs. A-H.)

avoiding the JPML and to transfer all pending cases to California. (Eckles Decl. Ex. F.)[2] As part of the efforts of Plaintiffs' counsel to coordinate the cases in this Court, they have refused to grant Defendants' request for an extension to file a motion to dismiss until the JPML rules.

The refusal of Plaintiffs' counsel to grant the extension will result in unnecessary work for this Court and the Southern District of New York. In light of the MDL Motion, it is possible that Defendants will <u>never need to respond to the Complaint in this action in its current form</u>. Instead, if the JPML grants the MDL Motion, Plaintiffs will likely be required to file a consolidated amended complaint, and it will be that complaint to which Defendants will respond. Requiring Defendants to respond to the individual complaints before the JPML rules on the MDL Motion will likely result in an unnecessary multiplication of motions to dismiss to be addressed by multiple courts.

While it is common for plaintiffs to stipulate to an enlargement of the time to respond to a complaint when there is a motion pending before the JPML, (*see* Eckles Decl. ¶5 & Exs. A-C) Plaintiffs' counsel here have refused to make such a stipulation. (*Id.* ¶10 & Exs. E, G & H.) Instead, Plaintiffs' counsel apparently seeks to force Defendants to respond now to advance this case and aid in the efforts of Plaintiffs' counsel to take the lead in whatever action arises from the JPML process. (*Id.* ¶8 & Exs. E & F.) This Court should not reward such blatant gamesmanship.

Further, the refusal of Plaintiffs' counsel to grant a routine request is impacting the orderly administration of the related actions pending in front of Judge Daniels. While counsel in many of the related actions pending in front of Judge Daniels have agreed in principle to an extension until after the JPML rules on the MDL Motion, they are not willing to let any other action proceed in advance of their own and have requested "most favored nation" clauses that would require Defendants to respond to their complaints in the event that Defendants respond sooner to the complaint in any related action. Thus, if Defendants have to respond now to Plaintiffs' Complaint, then it is likely Defendants will each have to respond to a multiplicity of different complaints in

---

[2] Even if Plaintiff's motion were successful, that would not alleviate Defendants' need to respond to multiple, substantively different complaints. Defendants should not need to respond until there is a single consolidated complaint in a single forum.

multiple forums – all before it is determined where these cases will be litigated, who will be lead plaintiffs' counsel, and what allegations and theories will ultimately be included in the operative complaint. (*See id.* ¶12.)

Unfortunately, due to Plaintiffs' tactics, Defendants are forced to seek an immediate administrative motion pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and 7-11 to enlarge the time for Defendants to answer, move or otherwise respond to the Complaint in this action to until 60 days after the filing of a consolidated amended complaint or complaints pursuant to a decision rendered on the MDL Motion by the JPML. Defendants are also forced to seek an *ex parte* application pursuant to Federal Rule 6(b)(1) and Civil Local Rules 6-3 and 7-10 that the Court rule on the Administrative Motion by August 29, 2011, or two days earlier than normally provided for by Civil Local Rule 7-11 (the "*Ex Parte* Application").

## II. LEGAL ARGUMENT

The Federal Rules of Civil Procedure and the Civil Local Rules permit the enlargement of time that a defendant has to answer, move or otherwise respond to a complaint. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specific time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."); Civ. L. R. 6-3 (procedure for motion to enlarge time). A motion seeking such enlargement can necessarily be heard on an *ex parte* basis. *See* Fed. R. Civ. P. 6(b)(1) (motion to enlarge time to respond to a complaint may be granted "with or *without notice*") (emphasis added); Civ. L. R. 7-10 (a party may obtain *ex parte* relief only if permitted by "a statute, Federal Rule, local rule or Standing Order").

### A. Good Cause Exists For Granting Defendants' Request to Extend the Time To Respond To The Complaint.

That good cause exists to enlarge the time for Defendants to answer, move or otherwise respond to Plaintiffs' Complaint is clear. It defies logic and common sense for Defendants to respond to any complaint, whether in this action or the twelve other actions, before the pending MDL Motion is decided. Defendants and the California and New York District Courts should not have to engage in piecemeal litigation. (*Cf.* Eckles Decl. ¶12.) Indeed, Plaintiffs cannot seriously

dispute this, for they have moved to stay five of the related cases pending in the Southern District of New York. (*See id.* Ex. F.) Rather than engage in piecemeal litigation, Defendants should have to respond to a single consolidated complaint or set of complaints before a single court, as determined by the JPML.

Moreover, even in the absence of all the issues stemming from a multiplicity of actions, in an antitrust class action involving multiple defendants such as this one, a longer extension would be appropriate to allow Defendants adequate time to evaluate the allegations and coordinate with each other to possibly agree upon a single set of motion papers, rather than each Defendant filing its own motion to dismiss.

### B. **Defendants Have Diligently Sought To Enlarge Their Time To Respond To The Complaint.**

Defendants made immediate efforts to obtain a stipulation from Plaintiffs' counsel extending the time for Defendants to answer or otherwise respond in the instant case until after the MDL Motion is decided. (*See* Eckles Decl. ¶¶5 & 7-11.) Plaintiffs' counsel repeatedly assured Defendants that they would provide an extension but expressed concern about the impact on the so-called "copycat" lawsuits that have been filed. (*Id.* ¶¶5 & 7.) Despite repeatedly acknowledging that an extension would be appropriate, Plaintiffs' counsel nevertheless informed Defendants yesterday that they would agree to only a perfunctory two-week extension. (*See id.* ¶10 & Exs. E & G.) Plaintiffs also refused to make the extension without prejudice to Defendants' right to seek a longer extension from the Court – necessitating the *ex parte* nature of this application. Defendants promptly prepared and filed the present Administrative Motion and *Ex Parte* Application to enlarge the time in which Defendants must answer, move or otherwise respond to the Complaint until after the MDL Motion is resolved.

### C. **Defendants Would Be Harmed If They Are Forced To Respond To The Complaint Next Week.**

The harm arising from Plaintiffs' refusal to stipulate to routine case management procedures could not be more stark: Defendants would have to respond not only to Plaintiffs' Complaint, but twelve other complaints. (Eckles Decl. ¶12.) There is no reason for such needless

litigation, (*id.*) and the Court should therefore respectfully enlarge the time Defendants have to answer, move or otherwise respond to the Complaint.

Finally, Defendants respectfully request that the Court not follow its normal procedure of resolving an administrative motion on or after the fifth day in which it is submitted. *See* Civ. L. R. 7-11(c) (a motion for administrative relief is deemed submitted five days after the motion is filed). If the Court follows its normal procedure and waits until August 31 to rule on the Administrative Motion, some of the Defendants would be forced to respond to the Complaint, and the expedited relief requested in this Administrative Motion would be moot. (*See* Eckles Decl. ¶4.) Accordingly, the Court should also grant Defendants' *Ex Parte* Application and deem the Administrative Motion submitted on August 29, 2011 for final determination that day. Plaintiffs would not be prejudiced by the *Ex Parte* Application as they have ample time to prepare and submit their opposition to the Administrative Motion by August 29.

For the foregoing reasons, good cause exists for the Court to grant the *Ex Parte* Application and Administrative Motion.

DATED:  August 26, 2011

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:      /s/ Raoul D. Kennedy
       RAOUL D. KENNEDY

525 University Ave., Suite 1100
Palo Alto, California 94301
Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570

Attorneys for Specially Appearing Defendant
HARPERCOLLINS PUBLISHERS L.L.C.

I, Raoul D. Kennedy, am the ECF User whose ID and password are being used to file this Memorandum Of Points And Authorities.  In compliance with General Order 45, X.B., I hereby attest that each of the following signatories has concurred in this filing.

SHEARMAN & STERLING LLP

By: /s/ James Donato
      JAMES DONATO

Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Attorneys for Specially Appearing Defendant
HACHETTE BOOK GROUP, INC.

SIDLEY AUSTIN LLP

By: /s/ Samuel R. Miller
      SAMUEL R. MILLER

555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Specially Appearing Defendant
MACMILLAN PUBLISHERS, INC.

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Reginald D. Steer
      REGINALD D. STEER

580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone: (415) 765-9520
Facsimile: (415) 765-9501

Attorneys for Specially Appearing Defendant
PENGUIN GROUP (USA) INC.

ADMINISTRATIVE MOTION AND EX PARTE APPLICATION     CASE NO. 3:11-CV-03892-EMC
TO EXTEND TIME TO RESPOND TO COMPLAINT

WEIL, GOTSHAL & MANGES LLP

By: /s/ Gregory D. Hull
      GREGORY D. HULL

201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Specially Appearing Defendant
SIMON & SCHUSTER, INC.

JONES DAY LLP

By: /s/ Robert Mittelstaedt
      ROBERT MITTELSTEADT

555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Specially Appearing Defendant
APPLE INC.