UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PETRU, *et al.*,

    Plaintiffs,

    v.

APPLE, INC., *et al.*,

    Defendants.
_____/

No. C-11-3892 EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

**(Docket No. 16)**

Currently pending before the Court is Defendants' motion to enlarge time to answer, move, or otherwise respond to the complaint in the above-referenced case. More specifically, Defendants ask that they be given 60 days after the filing of a consolidated amended complaint or complaints following a decision by the United States Judicial Panel on Multidistrict Litigation in connection with this action. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motion. More specifically, the Court denies the specific relief requested by Defendants but shall, as discussed below, impose a limited stay such that, for the time being, Defendants need not answer, move, or otherwise respond to the complaint.

As Plaintiffs point out, JPML Rule 2.1(d) provides that "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d). A party to the pending federal district court action, however, may

petition that court for a stay pending the outcome of a JPML motion, including a motion to transfer and consolidate. "When considering whether to stay proceedings pending a consolidation order, factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Falk v. GMC*, No. C 07-01731 WHA, 2007 U.S. Dist. LEXIS 80864, at *6 (N.D. Cal. Oct. 22, 2007).

In the instant case, the Court concludes that, at this juncture, the specific stay requested by Defendants is not necessary because the District Court for the Southern District of New York may grant Plaintiffs' motion to transfer or stay which Plaintiffs filed on August 24, 2011. On the other hand, the Court also concludes that a stay of some kind is appropriate to conserve judicial resources and avoid duplicative litigation. The various cases are all in their infancy, *compare id.* at *10 (noting that "[t]his action is too far advanced to bring everything to a halt"), and it is reasonable to delay matters for a brief period of time to see whether the cases will be transferred and/or consolidated in one forum (whether through Plaintiffs' motion or through the JPML motion). Contrary to what Plaintiffs argue, Defendants will suffer some hardship if forced to respond to multiple complaints. *Compare Luce v. A.W. Chesteron Co., Inc.*, No. C-10-0174 MMC, 2010 U.S. Dist. LEXIS 28920, at *4 (N.D. Cal. Mar. 2, 2010) (noting that "CBS has not identified any hardship or inequity to which it may be subjected in the event this Court, as opposed to the Eastern District of Pennsylvania, considers the merits of plaintiffs' motion to remand"); *Mandrigues v. World Savings, Inc.*, No. C 07-4497 JF (RS), 2008 U.S. Dist. LEXIS 103011, at *7 (N.D. Cal. Dec. 12, 2008) (stating that "Defendants have not argued that they would suffer prejudice if a hearing on the class certification and preliminary injunction motions were to proceed"). Furthermore, contrary to what Plaintiffs argue, Defendants may have legitimate reasons for not wanting to join Plaintiffs' motion to transfer or stay (*e.g.*, Defendants may prefer the New York forum), which Plaintiffs maintain is the way to cure any hardship. Finally, a limited stay will ensure that any hardship to Plaintiffs or the putative class is minimized.

The Court ultimately finds that a stay until December 15, 2011 – as originally proposed by Defendants – is appropriate. By this date, the District Court for the Southern District of New York

1 will likely have heard and ruled on Plaintiffs' motion to transfer or stay. In addition, by this date,
2 the JPML motion may have been heard and the parties may have developed a sense of how the
3 JPML will likely rule. A stay of this length is not unduly lengthy given that the complaint was filed
4 on only August 9, 2011.

5      As a final point, the Court notes that its ruling here does not bar Plaintiffs from seeking relief
6 from the stay or Defendants from seeking a further stay depending on the rulings of the New York
7 federal court and/or JPML.

8      This order disposes of Docket No. 16.

10      IT IS SO ORDERED.

12 Dated: September 1, 2011

_____
EDWARD M. CHEN
United States District Judge