

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ELECTRONIC BOOKS ANTITRUST LITIGATION          MDL No. 2293

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two Southern District of New York actions move for coordinated or consolidated pretrial proceedings of five actions pending in two districts as listed on Schedule A.[1] Moving plaintiffs seek centralization in the Southern District of New York.

Common defendants Hachette Book Group, Inc.; HarperCollins Publishers LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, Penguin Group (USA), Inc., and Simon & Schuster, Inc., support centralization in Southern District of New York. Random House, Inc., and Barnes & Noble, Inc., each of which is named as a defendant in at least one Southern District of New York action, similarly support centralization in Southern District of New York. Common defendant Apple, Inc. supports centralization in either district; it takes no position on which district would be a more appropriate transferee forum.

Plaintiffs in the third Southern District of New York action encompassed by the motion and two Southern District of New York related actions support centralization in the Southern District of New York. Plaintiff in one of these related actions (*Cheatem*) also supports centralization in the Northern District of California in the alternative.

Plaintiffs in the first-filed Northern District of California action (*Petru*) oppose the motion and ask the Panel to defer its decision until the motion to transfer, or stay, filed in several Southern District of New York actions has been decided. These plaintiffs assert that 27 additional plaintiffs in two related Northern District of California actions join their position. In the alternative, these plaintiffs support centralization in the Northern District of California. Plaintiff in the second Northern District of California action encompassed by the motion suggests centralization in the Northern District of California.

---

[*]   Judge John G. Heyburn II and Judge Charles R. Breyer took no part in the decision of this matter.

[1]   The parties have notified the Panel of twenty related actions pending either in the Northern District of California or the Southern District of New York. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

- 2 -

On the basis of the papers filed and the hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege one or more conspiracies to fix prices in the alleged market for electronic books. As set forth in the complaints, plaintiffs are purchasers of electronic books who allege that the defendants engaged in anti-competitive conspiracies in violation of federal antitrust laws and various states' laws, causing the plaintiffs and putative class members to pay inflated prices for electronic books. All actions were filed in August 2011 or later and have not progressed beyond the filing of the complaints. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although certain plaintiffs object to centralization under Section 1407, no party disputes that the actions should proceed in a single forum. In the past the Panel sometimes has deferred its decision when a reasonable prospect existed that the multidistrict character of the litigation would be eliminated, but that prospect is more remote here. Without successful intervention motions in all Southern District of New York cases and successful motions to transfer those cases to the Northern District of California, these cases would continue in two districts. Given that these motions have yet to be filed in all actions pending in the Southern District of New York, centralization under Section 1407 without delay would better serve the goals of efficient litigation.[2]

We are persuaded that the Southern District of New York is a more appropriate transferee district for this litigation. Both districts in which actions are pending are easily accessible, and a comparable number of actions are pending in each district; however, nearly all defendants, including all publishing defendants, are located in New York City, giving it a nexus to the allegations. Also, all defendants advocating centralization in a particular district support centralization in the Southern District of New York. The only defendant located in the Northern District of California, common defendant Apple, takes no position on the appropriate transferee district, but acknowledges that the center of gravity of the litigation is not in California. Centralization in the Southern District of New York also allows the Panel to assign this litigation to an experienced transferee judge who is not currently presiding over another multidistrict litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise L. Cote for

---

[2] *See In re Air Crash Near Clarence Center, New York on February 12, 2009*, 655 F. Supp. 2d 1355, 1356 (J.P.M.L. 2009) ("We are not persuaded that a deferral of our decision is preferable. Section 1407 centralization at this juncture ensures streamlined pretrial proceedings."); *see also In re Airline Baggage Fee Antitrust Litig.*, 655 F. Supp. 2d 1362, 1363 (J.P.M.L. 2009) ("Under these circumstances, we believe that Section 1407 is the more efficient method of congregating these related actions for pretrial proceedings.").

- 3 -

coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

                PANEL ON MULTIDISTRICT LITIGATION

                _____
                        Kathryn H. Vratil
                        Acting Chairman

W. Royal Furgeson, Jr.    Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell

IN RE: ELECTRONIC BOOKS ANTITRUST LITIGATION        MDL No. 2293

## SCHEDULE A

<u>Northern District of California</u>

Anthony Petru, et al. v. Apple, Inc., et al., C.A. No. 3:11-03892
Patsy Diamond v. Apple, Inc., et al., C.A. No. 3:11-03954

<u>Southern District of New York</u>

Shilpa Grover, et al. v. Macmillan, et al., C.A. No. 1:11-05576
Jeffery Evans, et al. v. Macmillan, et al., C.A. No. 1:11-05609
Rhonda Burstein v. Hachette Book Group, Inc., et al., C.A. No. 1:11-05621